**UNITED STATES of America, Plaintiff–Appellee**

v.

**Juan Carlos GRIEGO–PORTILLO, also known as Juan Carlos Martinez, Defendant–Appellant.**

No. 09–50748

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 18, 2010.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Juan Carlos Griego–Portillo pled guilty to illegal reentry and making a false claim of United States citizenship.[1] Griego–Portillo was sentenced at the top of his advisory guidelines range to 27 months' imprisonment. Griego–Portillo now appeals his sentence contending it is substantively unreasonable as greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a).

The court reviews a sentence for abuse of discretion[2] and because the district court imposed a sentence within a properly calculated guidelines sentencing range, it is presumptively reasonable.[3] Griego–Portillo argues that his sentence is substantively unreasonable considering he grew up in the United States, only learning that he was not a U.S. citizen when he was almost 18 years old, has little family support in Mexico, and suffers from serious health problems including epilepsy. The district court's comments at the sentencing hearing indicate that in arriving at a sentence, it accepted as true, or did not entirely discount, Griego's epilepsy and need for financial help from family. The court nevertheless imposed a sentence at the top of the applicable guidelines range. Griego–Portillo's arguments fail to overcome

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

M. Carolyn Fuentes, Henry Joseph Bemporad, Federal Public Defender, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. 8 U.S.C. § 1326; 18 U.S.C. § 911.

2. *See United States v. Gomez–Herrera,* 523 F.3d 554, 565–66 (5th Cir.2008).

3. *United States v. Campos–Maldonado,* 531 F.3d 337, 338 (5th Cir.2008); *see also Rita v. United States,* 551 U.S. 338, 347, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007).

the presumption of reasonableness afforded to his within-guidelines sentence and he has not shown the district court abused its discretion.[4]

Griego–Portillo also contests the validity of the Sentencing Guidelines at issue, namely, U.S.S.G. § 2L1.2 and § 2L2.2, but admits his arguments are foreclosed in this court and raises the issue solely to preserve the issue for review by the Supreme Court.[5]

AFFIRMED.

---

4. *See, e.g., Gomez–Herrera,* 523 F.3d at 565–66 (5th Cir.2008).

5. *See United States v. Duarte,* 569 F.3d 528, 529–31 & n. 11 (5th Cir.2009).

